Anna Y. Park (Bar No. 164242)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Angela D. Morrison (NV Bar No. 9630)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 S. Las Vegas Blvd., Suite 8112
Las Vegas, NV 89101
Telephone: (702)894-5099
Facsimile: (702)894-5094
E-mail: angela.morrison@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DOWNEY BRAND LLP
Jennifer Randlett Madden (Bar No. 184905)
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100

Attorneys for Defendant
FOAM WORKS, LLC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FOAM WORKS, LLC.,<br><br>　　　　Defendant. | Case No.: 2:06-CV-02146-MCE-EFB<br><br>**[PROPOSED] CONSENT DECREE; ORDER** |

## I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission ") and Defendant Foam Works, LLC, ("Foam Works") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint (the "Complaint"), filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII ").  This Consent Decree resolves all issues raised by the EEOC in the present lawsuit involving the Charging Party, Claimant Melodie Clark, (the "Claimant").

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The parties to this Consent Decree ("Decree") are EEOC and Foam Works. The scope of this Decree includes Foam Works' operations.  This Decree shall be binding on and enforceable against Foam Works and its officers, directors, agents, successors and assigns, and against the Commission for the effective period of the Decree as noted in section V.

B. The parties have entered into this Decree for the following purposes:

1) To provide relief agreed upon for the Claimant;

2) To ensure that Foam Works' employment practices comply with federal law;

3) To avoid expensive and protracted costs incident to litigation; and,

4) To provide a final and binding settlement upon the parties and Claimant as to all claims alleged by the Commission in the Complaint filed in this action.

///
///
///
///

## III.
## RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims, and allegations made by the EEOC and/or Claimant against Foam Works that are raised in the Complaint filed in this action in the United States District Court, Eastern District of California on September 27, 2006 captioned *U.S. Equal Employment Opportunity Commission v. Foam Works, LLC*, Case No. 2:06-CV-02146-MCE-EFB.

B. Nothing in this Decree shall be construed to preclude the Commission from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C. Nothing in this Decree shall be construed to limit or reduce Foam Works' obligation to comply fully with Title VII or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Foam Works in accordance with standard EEOC procedures.

E. The existence of this Consent Decree or settlement of the claims in the Commission's Complaint, in general, may not be construed in any way as an admission of any liability on Foam Works' part.

## IV.
## JURISDICTION

A. The Court has jurisdiction over the parties and the subject matter of this lawsuit pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1345, 1367 and 42 U.S.C. § 2000e-5(f). The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of

Foam Works, the Commission, and those for whom the Commission alleges relief is appropriate (the Claimant).

  B. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

  A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

  B. The duration of this Consent Decree shall be three years from the date of the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

  A. This Decree constitutes the parties' complete understanding with respect to the matters contained herein.  By the parties' mutual agreement, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of the Decree.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

  B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

///
///
///

-4-

# VII.
# COMPLIANCE AND DISPUTE RESOLUTION

A. The parties expressly agree that if the Commission has a reason to believe that Foam Works has failed to comply with any provision of this Consent Decree, the Commission may file a motion before this Court to enforce the Decree. Prior to initiating such action, the Commission will notify Foam Works and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the Commission believes has/have potentially been breached. Absent a showing by either party that the delay will cause irreparable harm, Foam Works shall have thirty (30) days to attempt to resolve or cure the breach in a manner satisfactory to both parties.

B. The parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C. After thirty days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as Foam Works is shown to be in breach of the Decree and the Commission's costs incurred in securing compliance with the Decree.

# VIII.
# MONETARY RELIEF

Foam Works, in settlement of this dispute, shall pay to the Claimant the following amounts as provided herein.

A. Foam Works shall pay a total of $21,500.00 to the Claimant.

B. As the parties agree that the $21,500.00 total payment represents compensatory damages under Title VII, Foam Works is not required to make any employer contributions. Foam Works will provide confirmation of the issuance of a 1099 form or the equivalent as required by law for the payment made to Claimant.

C.   A copy of the check and accompanying transmittal papers shall be contemporaneously forwarded to the EEOC, c/o Regional Attorney Anna Park, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## IX.

## GENERAL INJUNCTIVE RELIEF

**A.   Non-Discrimination**

1.   Discrimination Based on Sex

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to: (a) discriminate against persons on the basis of sex in the terms and conditions of employment; and (b) engage in or be a party to any action, policy or practice that is intended or is known to them to have the effect of discrimination, harassment or intimidating any employee on the basis of his/her sex; and (c) create, facilitate or permit the existence of a work environment that is hostile to employees due to their sex.

2.   Retaliation

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken, proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

///

**B.     Revision of Policies Concerning Discrimination**

Defendant shall provide its current written policy on discrimination within ninety (90) days of the Effective Date.  Thereafter, within twenty (20) days of receipt of Defendant's written policy on discrimination, the Commission shall notify Defendant of the need to revise its policy if necessary to comply with the provisions of this Consent Decree.   Defendant shall provide a copy of any revised policy to the Commission within twenty (20) days of receipt of the Commission's notice. Defendant's policy shall include:

1. A clear explanation of prohibited conduct;
2. A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information including address, and telephone number of persons both internal (i.e., human resources) and external to it ("EEOC") to whom employees may report discrimination.
3. Assurance that the employer will protect the confidentiality of the discrimination complaints to the extent possible;
4. A complaint process that provides a prompt, thorough, and impartial investigation;
5. A procedure for communicating with the complainant regarding the status of the complaint/investigation, results of the investigation, and whether remedial action was taken; and
6. Assurance that defendant will take immediate and appropriate corrective action when it determines that discrimination has occurred.

**C.     Training**

Within six months of the Effective Date, managers shall attend a training program of a minimum of 2.0 hours for managerial employees. Non-managerial employees shall be trained for a minimum of 2.0 hours.  The training shall be mandatory.

1. All employee training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, discrimination,

harassment, retaliation, and Defendant's policies and procedures for reporting and handling complaints of discrimination, including any revisions made to such policies and procedures.

2. The training of managerial employees shall additionally include training on how to properly handle and investigate complaints of discrimination in a neutral manner, how to take preventive and corrective measures against discrimination, and how to recognize and prevent discrimination.

3. For the remainder of the term of this Decree, all new employees and all employees recently promoted from a staff/hourly to a managerial position shall receive the managerial or staff/hourly employee training, as required herein, within thirty (30) days of hire or promotion. Such training may be conducted by videotaped presentation.

4. After the initial training as specified above, all employees shall receive a refresher training annually thereafter for the remainder of the term of this Decree.

5. All employees required to attend such training shall verify their annual attendance in writing. Any managerial employees who fail to attend the live training shall be trained within 30 days of their return to work. This training may be conducted by videotaped presentation.

6. Within forty-five (45) days after the execution of the Consent Decree, Defendant shall submit to the EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees, which complies with this Decree.

7. A complainant shall not be required to first report the complaint to a person who the complainant has accused of the inappropriate conduct to invoke the Internal Complaint Procedure.

8. The Internal Complaint Procedure is not intended to supplant the right of any employee to file a charge or complaint of discrimination or retaliation under any available municipal, state, or federal law.

## X.

## RECORD KEEPING AND REPORTING

**A.  Record Keeping**

Defendant shall establish a record-keeping procedure that provides for the centralized tracking of discrimination complaints and the monitoring of such complaints to prevent retaliation.  The records to be maintained shall include:

1. All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination for the duration of the Decree and the identities of the parties involved;

2. All forms acknowledging employees= receipt of Foam Works= discrimination policy, along with any required revisions;

3. All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree; and

4. Documents tracking and analyzing complaints filed against the same employee and location.

The EEOC shall have the right to inspect documents as required under this Decree. EEOC shall give twenty days notice prior to requesting the documents.

**B.  Reporting**

1. Within ninety (90) days after the first presentation of defendant's training program described above, a report shall be submit to the EEOC which contains:

    a. A copy of the discrimination policy, along with any required revisions;

1           b.     A summary of the procedures and record-keeping methods
2           for centralized tracking of discrimination complaints and the
3           monitoring of such complaints; and
4           c.   Training Materials, including video-tapes.
5     2.     Defendant shall thereafter inform the EEOC semi-annually as of the
6 Effective Date, for the duration of the Consent Decree, of the following:
7           a.     Compliance with the training requirements under the Decree,
8           including notice from Defendant regarding whether each employee
9           received the required training, and if employees did not receive
10          training, the reasons why;
11          b.     Notice of any revisions to the policies and procedures;
12          c.     An analysis of the monitoring done for repeat complaints by
13          employees and by location.
14          d.  copies of all training materials, including video-tapes, if it differs
15          from the initial reporting.

## XI.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

19 Foam Works shall bear all costs associated with its administration and
20 implementation of its obligations under this Consent Decree.

## XII.
## COSTS AND ATTORNEYS' FEES

23 Each party shall bear its own costs of suit and attorneys' fees.

## XIII.
## MISCELLANEOUS PROVISIONS

26     A.     During the term of this Consent Decree, Foam Works shall provide any
27 potential successor-in-interest with a copy of this Decree within a reasonable time of not
28 less than thirty days prior to the execution of any agreement for acquisition or assumption

of control of any or all of Foam Works' operations, or any other material change in corporate structure at that location, and shall simultaneously inform the EEOC of same.

      B.     During the term of this Decree, Foam Works and its successors shall assure that each of its officers, managers, and supervisors is aware of any term in this Decree which is related to his/her job duties.

      C.     The parties agree to entry of this Decree and judgment subject to final approval by the Court.

```
                                        EQUAL EMPLOYMENT
                                        OPPORTUNITY COMMISSION
                                        Anna Y. Park
                                        Angela D. Morrison

Date: _____              By: _____
                                        Anna Y. Park
                                        Attorneys for Plaintiff

                                        FOAM WORKS, LLC

Date: _____              By: _____
                                        Jennifer Randlett Madden
                                        Attorneys for Defendant
```

## **ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date: October 12, 2007

                                                _____
                                                MORRISON C. ENGLAND, JR
                                                UNITED STATES DISTRICT JUDGE